IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joyce S. Blackwell,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 8:07-1084-TLW-BHH<br><br>**<u>REPORT AND RECOMMENDATION</u>**<br>**<u>OF MAGISTRATE JUDGE</u>** |

  This case is before the Court on the defendant's motion to dismiss [Doc. 24], for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., which concerns the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

  The plaintiff, Joyce S. Blackwell,[2] brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration regarding her husband's claim for Disability Insurance Benefits (DIB) under the Social Security Act. A transcript and the plaintiff's brief have been filed in this case. [Docs. 11, 17.] The defendant, however, has filed a motion to dismiss in lieu of a response brief, arguing that the Court lacks jurisdiction pursuant to 42 U.S.C. § 405(g) (2000).

## **<u>BACKGROUND</u>**

  The plaintiff protectively filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Act, respectively, on May 25, 2002. He alleged disability since December 31, 1995. These applications were

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

[2] Joyce S. Blackwell was substituted for her husband, Donald Wayne Blackwell, who was the original plaintiff [Doc. 31]. Donald Wayne Blackwell died on June 22, 2007.

denied in initial and reconsidered determinations in November 2002. Plaintiff did not pursue these claims any further.

The plaintiff protectively filed a new application for SSI on March 31, 2003, alleging disability since November 5, 1995, due to a heart condition, problems with his feet and right arm, and high blood pressure. (R. at 41-44, 46.) His application was denied in an initial determination on August 28, 2003. (R. at 29, 31-35.) He requested reconsideration on October 6, 2003 (R. at 36). On February 24, 2005, he was awarded supplemental security income beginning March 1, 2003, due to diabetic neuropathy and an ischemic heart condition. (R. at 30.) He then requested a hearing before an Administrative Law Judge (ALJ), arguing for an earlier onset date. (R. at 38.) Prior to the hearing, he amended his alleged onset date to December 1, 2000 (R. at 295.)

A hearing was held on September 23, 2005, at which Plaintiff, his attorney, and his sister were present. (R. at 307-31.) On June 22, 2005, the ALJ issued a partially favorable decision, concluding that the plaintiff was entitled to SSI from May 25, 2002 through February 28, 2003. (R. at 11-23.) The ALJ, however, declined to reopen the plaintiff's May 2002 claim for DIB.

## **DISCUSSION**

The defendant argues that this Court lacks jurisdiction, under 42 U.S.C. Section 405(g), to review the defendant's decision not to reopen his claim for DIB. The determination related to the award of SSI is not before the Court.

As the defendant contends, the United States Supreme Court has held that the Commissioner's refusal to reopen a prior decision cannot be reviewed under 42 U.S.C. § 405(g). *See Califano v. Sanders*, 430 U.S. 99,108 (1977); *see also McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981). This rule rests, in part, on the authority of the Commissioner to apply administrative *res judicata* to decisions based upon its own regulations, where the same claim is involved as in an earlier determination. *McGowen*, 666 F.2d at 65. The discretionary denial of a request to reopen a claim can only be considered by the district court where the claimant raises a constitutional objection to the

denial. *Califano*, 430 U.S. at 109*; McGowen*, 666 F.2d at 65. The plaintiff does not raise any constitutional objection, in this case.

Instead, the plaintiff argues that (1) the ALJ made a legal error in applying its own regulations regarding decisions to reopen a claim, which is subject to judicial review; and (2) the ALJ constructively reopened the claim thereby waiving the *res judicata* effect of the initial DIB determination.

**I.     JURISDICTION TO REVIEW LEGAL ERROR**

In regards to the plaintiff's first argument, the Court agrees that the ALJ appears to have made a legal error in exercising his discretion not to reopen the claim. The Court disagrees, however, that any such error imbues the district court with jurisdiction to review the ALJ's decision, thereby acting as an exception to the rule prescribed by *Califano*.

20 C.F.R. § 404.988 governs the ALJ's decision to reopen a determination and reads in relevant part

> A determination, revised determination, decision, or revised decision may be reopened–
>
> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
>
> (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; ***or***
>
> (c) At any time if– . . .

20 C.F.R. § 404.988 (emphasis added). It is undisputed between the parties that Section 404.988 allows the ALJ to reopen an initial determination either within the first 12 months without any showing of good cause **or** within four years of the initial determination with a showing of good cause. Notwithstanding, a fair reading of the ALJ's decision, as the plaintiff urges, would suggest that he interpreted the regulation to require a showing of good cause even though the request to reopen was made within 12 months of the initial determination. (R. at 19.) Specifically, the ALJ first found that the "time limit criteria" of subsection (a) had actually been met as the initial determination "was within the twelve

3

month period." *Id*. The ALJ then concluded, "However, the undersigned finds that good cause for reopening the decision has not been met." *Id*. The ALJ's reasoning seems to imply that he believed it necessary for both criteria – the 12 month window and a showing of good cause – to be met before the case could be reopened.

The defendant contends that although ambiguously drawn, the ALJ's remarks did not so require. The defendant argues that the ALJ, in fact "was aware of and applied the appropriate standard . . . but concluded that there was no evidence to warrant changing the determination." (Def. Reply at 4.) The defendant's explanation is a possible interpretation, although not the most obvious one from a plain reading of the decision and not one the Court would be inclined to take.

So, assuming the ALJ made a legal error in declining to reopen the case, the question remains whether or not that fact alone provides this Court with jurisdiction where none normally exists. The Court was initially compelled by the decision of the Illinois District Court in *Hennings v. Heckler*, 601 F.Supp. 919 (D.C. Ill.1985). In *Hennings*, the Commissioner incorrectly interpreted § 404.988(b) and found that the plaintiff's request to reopen was time barred, when it was not. *Id*. at 925. The plaintiff had actually filed a request to reopen within the four-year limit provided by subsection (b), but the ALJ erroneously concluded that he had not. On review, the district court concluded that, while it lacked jurisdiction under Section 405(g), it had jurisdiction pursuant to the federal mandamus statute, 28 U.S.C. § 1361, to compel an officer of the United States to perform a duty owed to the plaintiff. *Id*. at 924.

Specifically, the district court concluded that Section 404.988 imposed a "plainly defined and peremptory duty" to consider the merits of the request to reopen. *Id*. at 925. The Court reasoned that to refuse to consider whether a claimant has shown "good cause," when the relevant four year period had not yet elapsed, would be to "permit the Secretary to make completely arbitrary decisions." *Id*. at 926. The court concluded,

> Having provided by regulation that her decisions may be reopened for "good cause" within the specified four year period, the Secretary must, when a claimant within that period requests

4

> that a decision be reopened for "good cause," determine whether the claimant has shown good cause' to reopen the decision, and only if the Secretary determines that the claimant has failed to show "good cause" may she apply the doctrine of administrative *res judicata* to the decision.

*Id*.

Application of *Hennings* to the present case, would seem to recommend the same result. Where the Commissioner has provided that decisions may be reopened "for any reason," within 12 months of the initial determination, it would seem to be an arbitrary result to jurisdictionally insulate the decision of an ALJ not to reopen a claim where he concludes that the 12 month criteria has been satisfied but then erroneously requires more – namely, a showing of good cause.

Notwithstanding the sound implications of *Hennings*, it appears that the Fourth Circuit has rejected the premise upon which *Hennings* rests. *See Monger v. Bowen*, 817 F.2d 15, 17 (4th Cir. 1987). In *Monger,* the Fourth Circuit expressly rejected that Section 404.988(a) imposed any *absolute duty* on the Commissioner to reopen a benefits determination within a year of the notice of the initial determination. *Id*. The court found subsection (a) to be completely discretionary. *Id*. at 18. The Court expressed no concern over any arbitrariness that might be produced by such an interpretation. This conclusion is in contrast to *Hennings*, which found a "plainly defined duty" to consider the criteria delineated by the regulation and grant reopening when it is met. *Hennings*, 601 F.Supp. at 925.

It should be noted that the court in *Monger* specifically declined to consider whether the mandamus statute provided jurisdiction because it "base[d] [its] decision on the explicit language of 20 C.F.R. § 404.988(a)." *Id*. n.2. Notwithstanding, the Court finds itself constrained by the principal holding of *Monger*. In the absence of any specific duty of the ALJ to reopen a case when the 12 month criteria of subsection (a) is unquestionably met, the plaintiff has not been denied any legal right to which he was otherwise entitled, even under circumstances where legal error exists.

5

The plaintiff has not directed the Court to any decision that would give the Court authority to take jurisdiction of the case in the presence of legal error by the ALJ in his decision to deny a request to reopen.[3]

The parties also spend substantial time arguing the propriety of the ALJ's decision that no "good cause" existed to reopen the case under Section 404.988(b). Those arguments have necessarily included discussions of whether certain evidence submitted to the ALJ was, in fact, "new and material" as contemplated by the regulations. 20 C.F.R. § 404.989(a)(1) states that the Commissioner will "find that there is good cause to reopen a determination or decision if – (1) New and material evidence is furnished . . . ." *Id*. But, for essentially the same reasons as recited above, the Court cannot sit in judgment of that determination. Even if the plaintiff's submitted evidence was new and material, the ALJ had the discretion not to reopen the decision and any alleged failing in that regard is unreviewable. The Fourth Circuit in *Monger* expressly concluded that both subsections (a) and ***(b)*** of Section 404.988 are subject to the discretionary word "may" employed by the regulation. *Monger*, 817 F.2d at 18. For the Court to take jurisdiction to determine the legal propriety of the Commissioner's application of its own regulations would be to ignore the clear holding of *Califano*: Section 405(g) "cannot be read to authorize judicial review of ***alleged abuses of agency discretion*** in refusing to reopen claims for social security benefits." *Califano*, 430 U.S. at 108 (emphasis added).

## II.    CONSTRUCTIVE REOPENING OF CLAIM

The plaintiff's second argument is that the ALJ constructively reopened the initial determination by considering the DIB claim on its merits. The plaintiff rightly argues that "if the court determines that jurisdiction exists either because ***administrative res judicata was not properly applied, or because the denied claim has been either formally or by legal implication reopened***, it may then of course judicially review the Secretary's final

---

[3] While the Appeals Council may reopen a claim for an error of law made by the ALJ, *see Mines v. Sullivan*, 981 F.2d 1068 (9th Cir. 1992); *Fox v. Bowen*, 835 F.2d 1159, 1163-64 (6th Cir.1987), the Court is unaware of any case that grants the district court that same authority.

decision denying the claim." *McGowen*, 666 F.2d at 66 (emphasis added). This district in *Barton v. Secretary of Health and Human Services*, 683 F.Supp. 1024 (D.S.C.1988), concluded that "if the ALJ in . . . reconsider[s] . . . [an] application on the merits to any extent, it must be treated, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989 (1981)." *Id*. at 1030. The plaintiff also emphasizes *Barton's* suggestion that a district court is particularly justified in finding a claim constructively reopened where the ALJ makes no reference to its inherent authority to exercise administrative *res judicata*. *Id*.

The Court disagrees that the ALJ constructively reopened the initial DIB determination, in this case. There can be no question that the ALJ explicitly and affirmatively exercised his discretion under Section 404.988 to apply administrative *res judicata* to the claim. The ALJ cited the regulatory language in full and made a specific determination that the DIB claim would not be reopened pursuant to that regulation. (R. at 19.) The Appeals Council found no basis to change the exercise of the ALJ's discretion and expressly indicated that the plaintiff had no "right to court review of the Administrative Law Judge's denial of your request to reopen." (R. at 7.)

The plaintiff does not disagree that the same DIB claim was at issue, *McGowen*, 666 F.2d at 65, but instead argues that the ALJ considered the DIB claim anew, on the merits, by reviewing newly submitted evidence. But, the Fourth Circuit has rejected this precise argument. The mere consideration of a claimant's newly submitted evidence to determine whether a claim should be reopened, in itself, does not reopen the claim. *See McGowen*, 666 F.2d at 67. The court in *McGowen* stated, "Of necessity when a social security claimant presents any claim that is arguably the same one earlier denied on the merits, the Secretary must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter." *Id*. The Fourth Circuit stated further that "[w]hen, as here, this is followed by a specific conclusion that the claim should be denied on *res*

7

*judicata* grounds, the threshold inquiry into the nature of the evidence should not be read as a reopening of this claim on the merits." *Id*. at 68.

Such is precisely the case before the Court, here. The ALJ's consideration of the evidence submitted by the plaintiff as "new and material" was simply a prelude to his very express determination that grounds did not exist to reopen the DIB claim. (See R. at 16-18.) The ALJ exercised the Commissioner's discretion under the regulations to apply *res judicata* to the renewed DIB claim and that fact conclusively distinguishes this case from *Barton*, where no reference to such discretion was made. *McGowen* instructs that the necessary consideration of newly submitted evidence by the ALJ to determine, in his discretion, whether reopening is appropriate cannot, in the very same moment, waive his ability to exercise such discretion.

Accordingly, the DIB claim was not constructively reopened and the Court has no jurisdiction over the Commissioner's decision not to reopen the DIB claim.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, this court recommends that the defendant's motion to dismiss [Doc. 24] be GRANTED.

IT IS SO RECOMMENDED.

                                              s/BRUCE H. HENDRICKS
                                              UNITED STATES MAGISTRATE JUDGE

May 22, 2008
Greenville, South Carolina