IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Joyce S. Blackwell,                    )
                                       )     Civil Action No. 8:07-1084-TLW-BHH
                    Plaintiff,         )
                                       )          **ORDER**
          vs.                          )
                                       )
Michael J. Astrue,                     )
Commissioner of Social Security,       )
                                       )
                    Defendant.         )
_____)

This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that the Defendant's motion to dismiss be granted. The Report was filed on May 22, 2008. Plaintiff filed objections on June 9, 2008. Defendant filed a Reply to Plaintiff's objections on June 23, 2008.

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections

1

thereto. This Court has carefully considered the analysis by the Magistrate Judge and notes that her analysis is well reasoned and properly analyzes the issues in dispute. This Court agrees that Monger v. Bowen, 817 F.2d 15 (4th Cir. 1987) holds Section 404.988(a) imposes no absolute duty on the Commission to reopen a benefits determination. Monger states "both (a) and (b) [of § 404.988] are subject to the discretionary 'may' . . . they do not . . . [make] reopening mandatory during the initial period." In Monger, the district court's issuance of the writ of mandamus was reversed. However, in Monger, there is no indication that the Secretary misinterpreted or misapplied § 404.988. In Hennings v. Heckler, 601 F. Supp 919 (D.C. Ill. 1985), the regulation was misinterpreted and the case was remanded to the Secretary. The Magistrate Judge highlights this case. She also concludes the "ALJ made a legal error" in the case before this Court. This Court concludes that this case should be remanded to the Secretary to properly apply § 404.988(a). Once the Secretary does so, then Monger controls. The District Court would have no further jurisdiction to review that decision. See also, Califano v. Sanders, 430 U.S. 99 (1977).

After a thorough review of the record, the Report, Plaintiff's objections and Defendant's Reply thereto, in accordance with the standard set forth above, and for the reasons set forth above, this Court chooses not to accept the Report. Accordingly, it is hereby **ORDERED** that this case is **REMANDED** to the Secretary for a proper application of § 404.988(a).[1]

    **IT IS SO ORDERED**.           s/ Terry L. Wooten
September 3, 2008                   TERRY L. WOOTEN
Florence, SC                     UNITED STATES DISTRICT JUDGE

---

[1] If necessary, this Court reaches the conclusion that it has mandamus jurisdiction over this case pursuant to 28 U.S.C. § 1361 which provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

2